UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 5: 22-137-DCR |
| V. | ) |
| QUINCY MARQUICE TAYLOR, | ) **MEMORANDUM OPINION** |
| Defendant. | ) **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Quincy Marquice Taylor is charged with possessing cocaine with the intent to distribute it, possessing a firearm in furtherance of a drug trafficking crime, and being a convicted felon in possession of a firearm. The matter is pending for consideration of the United States' motion in limine and motion to submit a sentencing determining under the Armed Career Criminal Act to the jury, if applicable.

**I.**

The United States has filed a motion in limine to limit the defendant's potential impeachment of witness William Howell by excluding any reference or questioning related to his prior conviction for felony drug possession and his related misdemeanor convictions. The government also seeks to exclude any reference or questioning related to Howell's pending state-court charge for being a felon in possession of a firearm.

Rule 609 of the Federal Rules of Evidence provides, "for a crime that, in the convicting jurisdiction, was punishable … by imprisonment for more than one year, the evidence: … must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is

not a defendant." Fed. R. Evid. 609(a)(1)(A). Howell pleaded guilty to Possession of a Controlled Substance First Degree in Gallatin County District Court on November 22, 2022. This offense is a Class D felony punishable by a term of imprisonment of up to three years. K.R.S. § 218A.1415. Thus, the conviction is admissible to attack Howell's character for truthfulness unless its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 609(a)(1)(A); 403.

The United States contends that, given the circumstances of this case, the considerations under Rule 403 warrant excluding the evidence. Specifically, it contends that the conviction has low probative value because it occurred several months after the events about which Howell is expected to testify. Further, the government reports that Howell entered into a pretrial diversion agreement and, if successfully completed, it would result in his charges being designated as "dismissed-diverted." Based on the low probative value of the evidence, the government argues that allowing the felony conviction to be mentioned would be distracting and confusing to the jury.

The Court is unpersuaded by the government's argument that Howell's felony conviction should be excluded based on his participation in pretrial diversion. Rule 609(c) provides:

> Evidence of a conviction is not admissible if:
>
> (1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding that the person has been rehabilitated, and the person has not been convicted of a later crime punishable by death or by imprisonment for more than one year; or
>
> (2) the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence.

- 2 -

Regardless of whether the pretrial diversion program constitutes an "other equivalent procedure" under Rule 609(c)(1), Howell has not successfully completed the program at this time. *See United States v. Krug*, 2019 WL 416946, at *2 (W.D.N.Y. Feb. 2, 2019) (successful completion of diversion program in which felony was downgraded to misdemeanor constituted "other equivalent procedure"). Additionally, the United States concedes that Howell may become ineligible for the diversion program based on his pending felon-in-possession charge.

Evidence bearing on a witness's character for truthfulness is relevant. *United States v. Vandetti*, 623 F.2d 1144, 1150 (6th Cir. 1980). "Congress has decided that all felonies are probative of truthfulness and thus relevant for purposes of impeachment," and the government has not established that this situation is unique. *See Meirs v. Ottawa Cnty.*, 821 F. App'x 445, 464-65 (6th Cir. 2020).

"[I]mpeachment under Rule 609 is generally limited to the fact of conviction and should not include the details and circumstances surrounding the conviction," unless the witness's testimony opens the door to such details. *United States v. Villanueva*, 249 F. App'x 413, 418 (6th Cir. 2007) (citing *United States v. Turner*, 995 F.2d 1357, 1363–64 (6th Cir. 1993)). Allowing the jury to hear the simple fact of Howell's conviction does not present an excessive danger of prejudice, distraction from the issues, or confusion to the jury. As a result, counsel for the defendant may ask Howell if he has been convicted of a felony but may not inquire into the nature of the conviction unless Howell's testimony opens the door to such questioning (such as a denial that the conviction occurred or a claimed lack of memory of it).

Rule 609 applies only to convictions; therefore, Howell's pending state-court charge for being a felon in possession of a firearm is not admissible under that rule unless the

defendant has a good faith basis for asserting that the witness has been promised or offered lenient treatment in exchange for his testimony in this case. If counsel believes such is the case, the matter may be addressed with the witness outside the presence of the jury.

Finally, Howell's misdemeanor convictions are not admissible, as they do not involve a dishonest act or statement. *See* Fed. R. Evid. 609(a)(2).

**II.**

Taylor is charged in Count 3 with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Armed Career Criminal Act ("ACCA") provides that any person convicted under § 922(g)(1) that has three prior convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another, will receive a minimum sentence of 15 years. 18 U.S.C. § 924(e)(1). The government contends that, if convicted of Count 3, Taylor should receive the ACCA enhancement based on prior serious drug offense convictions that occurred in the Fayette and Jessamine Circuit Courts. Despite acknowledging Sixth Circuit authority to the contrary, the government maintains that the "separate occasions" inquiry under § 924(e)(1) should not be determined by the Court at sentencing but, instead, should be submitted to the jury during a bifurcated process in the event of a conviction on Count 3.

The Supreme Court recently shed light on the "separate occasions" analysis in *Wooden v. United States*, 142 S. Ct. 1063, 1070-71 (2022), explaining that the inquiry is "multi-factored in nature" and that "a range of circumstances may be relevant to identifying episodes of criminal activity. *Amici curiae* raised the issue of whether the Sixth Amendment requires that a jury, rather than a judge, resolve the question of whether prior crimes occurred on different

occasions. However, the court declined to address the issue because Wooden did not raise it. *Id.* at 1068 n.3.

Both before and after *Wooden*, the Sixth Circuit has held that the "separate occasions" analysis is a sentencing determination for the court. In *United States v. Hennessee*, 932 F.3d 437, 442 (6th Cir. 2019), the court held that district courts could consider both elemental and non-elemental facts found within *Shepard* documents when determining whether a defendant committed prior felonies on different occasions. The Sixth Circuit reaffirmed this position after *Wooden* in *United States v. Williams*, 39 F.4th 342 (6th Cir. 2022), and *United States v. Belcher*, 40 F.4th 430 (6th Cir. 2022). Most recently, the court observed the "settled rule" that the facts governing the occasions-different inquiry are included in the "fact of a prior conviction" exception announced in *Apprendi* and do not require submission to a jury. *United States v. Jackson*, 2023 WL 2446139, at *2 (6th Cir. Mar. 10, 2023) (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).

The government provides no explanation for its position that the "different occasions" inquiry under the ACCA is an element that must either be proven by the United States to a jury at trial (if not stipulated to by the defendant) or admitted by a defendant as part of a guilty plea. Duringt the pretrial conference, the government insisted that, at the very least, Sixth Circuit authority does not *preclude* the Court from submitting the different occasions inquiry to a jury. But just because the Court can do something does not mean that it should. The United States has not presented any justification from deviating from the established, well-reasoned procedure normally employed with respect to the different occasions analysis. *See United States v. King*, 853 F.3d 267, 273 (6th Cir. 2017) (noting Congress's desire to avoid "mini-trials" with respect to ACCA enhancements).

**III.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The United States' motion *in limine* [Record No. 30], is **GRANTED**, in part, and **DENIED**, in part, consistent with this Memorandum Opinion and Order.

2. The United States' Motion regarding the ACCA's "different occasions" inquiry [Record No. 31] is **DENIED**.

Dated: April 6, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky